## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRIAN J. LYNGAAS, DDS, PLLC, )
individually and as the representative )
of a class of similarly-situated persons, )   No.
　)
Plaintiff, )
　)
v. )   **CLASS ACTION**
　)
LABOSMILE USA, LLC, )
　)
Defendant. )

## CLASS ACTION COMPLAINT

Plaintiff, Brian J. Lyngaas, DDS, PLLC ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated and, except as to those allegations pertaining to Plaintiff or its attorneys, alleges the following upon information and belief against defendant Labosmile USA, LLC ("Labosmile" or "Defendant")

## PRELIMINARY STATEMENT

1.     On behalf of itself and all other similarly situated, Plaintiff alleges claims and seeks statutory damages and other relief arising from Defendant's violations of the Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA").

2.    The TCPA prohibits unsolicited advertising by facsimile.

3.    To date, Defendant has successfully transmitted at least eight unsolicited advertisements to Plaintiff by facsimile.

4.    True and correct copies of eight unsolicited advertisements received and printed by Plaintiff's facsimile machine are attached as Exhibits A-H.

5.    Each of these eight facsimiles advertised the commercial availability or quality of property, goods, or services available from Labosmile and its business "Next Dental Lab."

6.    Defendant did not have Plaintiff's prior express invitation or permission to send any advertisement by fax.

7.    Even though Plaintiff did not have an "established business relationship" with Defendant, this fact is irrelevant because Defendant's advertisements lacked a clear and conspicuous, compliant opt-out notice. 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii).

8.    Many of Defendant's advertisements state that it is possible to "unsubscribe from" Defendant's fax advertising list, but Plaintiff never subscribed to any such list.

9.    The TCPA creates a private right of action and provides

minimum statutory damages of $500 per violation. If the Court finds a violation was willful or knowing, it can increase the damages up to three times, or $1,500 per violation. The Court can also grant injunctive relief to protect against future violations. 47 U.S.C. § 227(b)(3).

10. Unsolicited facsimiles that are successfully transmitted cause concrete damage to their recipients, including wasting the recipient's valuable time, interrupting the recipient's privacy, using or tying up telephone lines, preventing fax machines from receiving authorized faxes, preventing the use of fax machines from sending outgoing faxes, wasting the recipient's paper and ink toner printing the sender's advertising material, causing undue wear and tear on fax machines, requiring additional labor to attempt to discern the source and purpose of the unsolicited message, or otherwise using the recipient's valuable and limited resources to deliver Defendant's advertisement.

11. On behalf of itself and all others similarly situated, Plaintiff seeks statutory damages and other relief for each of Defendant's violations of the TCPA occurring during the statutory limitations period commencing four years prior to the filing of this action and continuing until the Court orders notice to the class.

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff, Brian J. Lyngaas, DDS, PLLC, is the dental practice of Dr. Brian Lyngaas, located at 18518 Farmington Road, Livonia, MI 48152, which is in Wayne County, Michigan.

2.     Defendant, Labosmile USA, Inc., is a Florida corporation with its principal address located at 1065 SW 15th Ave, Suite C2, Delray Beach, FL 33444. Its registered agent is Patrick Vives CPA, PA, located at 4000 Hollywood Blvd, Ste 285-S, Hollywood, FL 33021.

3.     "Next Dental Lab" ("Next Dental") is a fictitious name registered in the state of Florida and owned by Labosmile (registration number G18000101566). Next Dental has the same registered mailing address as Labosmile.[1]

4.     When visiting Labosmile's website, labosmileusa.com, a notice stating "Labosmile USA is merging with Next Dental Lab" pops up and a visitor is unable to interact with the Labosmile website. The popup window forces visitors to click "the button below to visit our website" and be redirected to www.nextdentallab.com. The button says

---

[1] http://dos.sunbiz.org/scripts/ficidet.exe?action=DETREG&docnum=G18000101566&rdocnum=G18000101566 (last visited 10/17/22)

4

"Visit Next Dental Lab."[2]



5.      The Court has subject matter jurisdiction over the TCPA claims under 28 U.S.C. § 1331 and 47 U.S.C. § 227 and supplemental jurisdiction over the state common law conversion claim under 28 U.S.C. § 1367.

6.      Personal jurisdiction exists over Defendant in Michigan because Defendant has transacted business or committed tortious acts within the State.

7.      Venue is proper in the Eastern District of Michigan, because Defendant committed statutory torts within this District and a significant portion of the events took place here.

---

[2] https://www.labosmileusa.com/ (last visited 10/17/22)

## FACTS

8.   Defendant sells dental products and services to dentists and their patients.

9.   Defendant has faxed unsolicited advertisements for its products and services to Plaintiff and others.

10.   Defendant did not have Plaintiff's prior express invitation or permission to send any advertisement by fax.

11.   Plaintiff intends to discover all the various unsolicited advertisements Defendants sent by fax. *See* Exhibit I, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

12.   To date, Plaintiff's facsimile machine has received and printed at least eight unsolicited advertisements sent by or on behalf of Defendant.

13.   Attached as Exhibit A is a true and correct copy of a one-page advertisement that Defendant successfully sent by fax to Plaintiff on October 24, 2018.

14.   Attached as Exhibit B is a true and correct copy of a one-page advertisement that Defendant successfully sent or caused to be

successfully sent by fax to Plaintiff on November 14, 2018.

15.     Attached as <u>Exhibit C</u> is a true and correct copy of a one-page advertisement that Defendant successfully sent or caused to be successfully sent by fax to Plaintiff on January 8, 2019.

16.     Attached as <u>Exhibit D</u> is a true and correct copy of a one-page advertisement that Defendant successfully sent or caused to be successfully sent by fax to Plaintiff on January 21, 2019

17.     Attached as <u>Exhibit E</u> is a true and correct copy of a one-page advertisement that Defendant successfully sent or caused to be successfully sent by fax to Plaintiff on February 1, 2019.

18.     Attached as <u>Exhibit F</u> is a true and correct copy of a one-page advertisement that Defendant successfully sent or caused to be successfully sent by fax to Plaintiff on May 30, 2019.

19.     Attached as <u>Exhibit G</u> is a true and correct copy of a one-page advertisement that Defendant successfully sent or caused to be successfully sent by fax to Plaintiff on July 24, 2019.

20.     Attached as <u>Exhibit H</u> is a true and correct copy of a one-page advertisement that Defendant successfully sent or caused to be successfully sent by fax to Plaintiff on August 21, 2019.

21.    The TCPA requires that the sender of a facsimile must "clearly mark[], in a margin at the top or bottom of each transmitted page of the message or on the first page of the transmission, the date and time it is sent and an identification of the business, other entity, or individual sending the message and the telephone number of the sending machine or of such business, other entity, or individual. 47 U.S.C. § 227(d)(1)(B). None of Defendant's facsimiles contains these required identifications. Although these violations are not actionable, they further demonstrate Defendant's failure or refusal to comply with the TCPA.

22.    Upon information and belief, Defendants sent Exhibits A-H, and other unsolicited advertisements by facsimile to more than forty (40) persons. This allegation is based, in part, on the fact that Exhibit A-H are generic form faxes with graphics and trademarks and no personal information, that they are not addressed to anyone in particular, that Plaintiff received the same template on different occasions, and that sending advertisements in bulk fax broadcasts is an inexpensive way to reach a wide audience.

23.    Plaintiff and the other class members owe no obligation to protect their fax machines from Defendant's unlawful facsimiles. Their

fax machines are ready to send or receive their urgent business communications, or private communications about customers' dental needs, not to receive Defendant's unsolicited advertisements.

## CLASS REPRESENTATION ALLEGATIONS

24.    Plaintiff brings this action as a class action on behalf of itself and a class of all others similarly-situated initially defined as follows:

> All persons or entities sent one or more advertisements by fax by or on behalf of Labosmile USA, LLC or Next Dental Lab without an opt-out notice containing all the elements proscribed in 47 U.S.C. § 227.

25.    Plaintiff anticipates modifying the proposed class definition—including proposing subclasses if appropriate—after discovery about the scope of Defendant's fax advertising practices as well as discovery as to any potential affirmative defenses Defendant may plead.

26.    Excluded from the class are Defendant, any entity in which Defendant has a controlling interest, Defendant's employees, officers and directors, Defendant's legal representatives, heirs, successors, and assigns, and any Judge assigned to this action, and his or her family.

27.    On information and belief, Defendant's fax advertising campaigns involved other substantially-similar advertisements. Plaintiff intends to locate those advertisements in discovery. *See* Exhibit I, a

Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

28. This action is brought, and may properly be maintained as, a class action under Fed. R. Civ. P. 23. This action satisfies Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements. Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23(b)(1)(A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23(b)(3).

## Numerosity/Impracicality of Joinder

29. On information and belief, the class includes more than forty (40) persons and, thus, is so numerous that joinder of all members is impracticable. The precise number of class members and their identities are unknown to Plaintiff but can be obtained from Defendant's records or the records of third parties.

## Commonality and Predominance

30. There is a well-defined community of interest and common

10

questions of law and fact that predominate over any question affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

      a.     Whether Defendant sent unsolicited advertisements by fax;

      b.     Whether Defendant's faxes advertised the commercial availability or quality of any property, goods, or services;

      c.     The manner and method Defendant used to compile or obtain the list(s) of fax numbers to which it sent advertisements by fax;

      d.     Whether Defendant faxed advertisements without first obtaining the intended recipients' express invitation or permission to do so;

      e.     Whether Defendant included a clear and conspicuous opt-out notice on the first page of advertisements it sent by fax;

      f.     Whether Defendant is directly or vicariously liable for

11

violating the TCPA;

g.      Whether Plaintiff and the other class members are entitled to statutory damages;

h.      Whether the Court should treble the statutory damages; and

i.      Whether Defendant should be enjoined from sending unsolicited advertisements by fax in the future.

## Typicality of Claims

31.    Plaintiff's claims are typical of the claims of the other class members because all were injured by the same wrongful practices. Plaintiff and the members of the class received Defendant's unsolicited advertisements by facsimile. If Plaintiff prevails on its claims, then the putative class members will prevail as well.

## Adequacy of Representation

32.    Plaintiff is an adequate representative of the class. Plaintiff's interests do not conflict with the interests of the class. Plaintiff has retained counsel competent and experienced in complex class action litigation, and TCPA litigation in particular, and Plaintiff intends to vigorously prosecute this action. Plaintiff and its counsel will fairly and

adequately protect the interests of members of the class.

## Prosecution of Separate Claims Would Yield Inconsistent Results

33.    Even though the questions of fact and law in this action are predominantly common to Plaintiff and the putative class members, separate adjudication of each class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendant to operate under if or when class members bring additional lawsuits concerning the same unsolicited fax advertisements or if Defendant chooses to advertise by fax again in the future.

## A Class Action is the Superior Method of Adjudicating the Common Questions of Law or Fact that Predominate over Individual Questions

34.    A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. The likelihood of individual class members prosecuting separate claims is remote, and even if every class member could afford individual litigation, the court system would be unduly

burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

35.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

36.    Plaintiff brings Count I on behalf of itself and a class of similarly-situated persons.

37.    The TCPA prohibits:
any person within the United States, or any person outside the United States if the recipient is within the United States--

* * *

**(C)** to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless--

**(i)** the unsolicited advertisement is from a sender with an established business relationship with the recipient;

**(ii)** the sender obtained the number of the telephone facsimile machine through--

14

**(I)** the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or

**(II)** a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution, except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before July 9, 2005, if the sender possessed the facsimile machine number of the recipient before July 9, 2005; and

**(iii)** the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D),

except that the exception under clauses (i) and (ii) shall not apply with respect to an unsolicited advertisement sent to a telephone facsimile machine by a sender to whom a request has been made not to send future unsolicited advertisements to such telephone facsimile machine that complies with the requirements under paragraph (2)(E); ***

47 U.S.C. § 227 (b)(1)(C).

38.    The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

39.    The TCPA provides a "private right of action" as follows:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

**(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

**(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

**(C)** both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227 (b)(3).

40.

3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) Both such actions.

47 U.S.C. § 227(b)(3).

41. In relevant part, the TCPA states that "[t]he [Federal

Communications] Commission shall prescribe regulations to implement the requirements of this subsection ... in implementing the requirements of this subsection, the Commission shall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if ... (i) the notice is clear and conspicuous ..." 47 U.S.C. § 227(b)(2)(D)(i).

42. Additionally, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if ... (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful ..." 47 U.S.C. § 227(b)(2)(D)(ii). The shortest reasonable time has been determined to be thirty (30) days. 47 C.F.R. § 64.1200(a)(4)(iii)(B).

43. The opt-out notice must also include "a domestic contact telephone and facsimile number for the recipient to transmit such a request to the sender" as well as a "cost-free mechanism for a recipient to

transmit a request pursuant to such notice ...” 47 U.S.C. § 227(b)(2)(D)(iv).

44.   “A notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if ... (v) the telephone and facsimile machine numbers and the cost-free mechanism ... permit an individual or business to make such a request at any time on any day of the week.” 47 U.S.C. § 227(b)(2)(D)(v).

45.   The FCC’s regulations of opt-out notices on facsimile advertisements are set forth at 47 C.F.R. § 64.1200(a)(4)(iii).

46.   Exhibit A advertises the commercial availability or quality of Defendant’s property, goods, or services.

47.   Defendant sent Exhibit A to Plaintiff by facsimile without Plaintiff’s prior express invitation or permission.

48.   Exhibit A has no opt-out notice.

49.   Exhibit B advertises the commercial availability or quality of Defendant’s property, goods, or services.

50.   Defendant sent Exhibit B to Plaintiff by facsimile without Plaintiff’s prior express invitation or permission.

51.   Exhibit B has no opt-out notice.

52.    Exhibit C advertises the commercial availability or quality of Defendant's property, goods, or services.

53.    Defendant sent Exhibit C to Plaintiff by facsimile without Plaintiff's prior express invitation or permission.

54.    Exhibit C has no compliant opt-out notice.

55.    Exhibit D advertises the commercial availability or quality of Defendant's property, goods, or services.

56.    Defendant sent Exhibit D to Plaintiff by facsimile without Plaintiff's prior express invitation or permission.

57.    Exhibit D has no compliant opt-out notice.

58.    Exhibit E advertises the commercial availability or quality of Defendant's property, goods, or services.

59.    Defendant sent Exhibit E to Plaintiff by facsimile without Plaintiff's prior express invitation or permission.

60.    Exhibit E has no compliant opt-out notice.

61.    Exhibit F advertises the commercial availability or quality of Defendant's property, goods, or services.

62.    Defendant sent Exhibit F to Plaintiff by facsimile without Plaintiff's prior express invitation or permission.

63.     Exhibit F has no compliant opt-out notice.

64.     Exhibit G advertises the commercial availability or quality of Defendant's property, goods, or services.

65.     Defendant sent Exhibit G to Plaintiff by facsimile without Plaintiff's prior express invitation or permission.

66.     Exhibit G has no compliant opt-out notice.

67.     Exhibit H advertises the commercial availability or quality of Defendant's property, goods, or services.

68.     Defendant sent Exhibit H to Plaintiff by facsimile without Plaintiff's prior express invitation or permission.

69.     Exhibit H has no compliant opt-out notice.

70.     Plaintiff intends to discover and include within this case all unsolicited advertisements Defendant sent by fax. *See* Exhibit I, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

71.     Defendant violated 47 U.S.C. § 227 *et seq.* by sending advertisements by fax to Plaintiff and the other class members without their prior express invitation or permission and, to the extent Defendant will contends it sent the facsimiles based on "established business

relationship," by failing to include compliant opt-out notices on its advertising faxes.

72. Facsimile advertising imposes burdens on unwilling recipients that are distinct from those imposed by other types of advertising. The content of the required opt-out notice is designed to ensure that the recipients know how to prevent and avoid future fax transmissions of advertising material, and to provide the various cost-free means Congress required to be made available to do so. If senders do not clearly and conspicuously provide the opt-out content to the recipients and comply with these requests when made, then the recipients are unable to stop the burdens imposed by this form of advertisement.

73. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were negligent.

74. Defendant is liable because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to and/or constituting the violation, the faxes were sent on its behalf, and/or under general principles of vicarious liability applicable under the TCPA, including

actual authority, apparent authority, and ratification.

75.    Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to send advertisements by facsimile and that Defendant's faxes either did not display the opt-out notice required by the TCPA (including the FCC's regulations), or displayed a non-compliant opt-out notice that did not have the required language or make available the means Congress intended to make such an opt-out request.

76.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused most recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, the subject faxes used Plaintiff's and the class's fax machines and wasted valuable time. Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of the faxes occurred outside Defendant's premises.

77.    Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and

did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

78.   The Court, in its discretion, can treble the statutory damages if the violation was knowing or willful and Plaintiff requests trebling. 47 U.S.C. § 227.

## COUNT II
## CONVERSION

79.   Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

80.   Plaintiff brings Count II on behalf of itself and a class of similarly-situated persons and against Defendant.

81.   By sending numerous advertisements to Plaintiff and the other class members' fax machines, Defendant improperly and unlawfully converted the class's fax machines to Defendant's own use. Where printed (as in Plaintiff's case), Defendant also improperly and unlawfully converted the class members' paper and toner to Defendant's own use. Defendant also converted Plaintiff's time to Defendant's own use, as it did with the valuable time of the other class members.

82.   Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members each owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

83.   By sending them numerous unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

84.   Defendant commandeered the fax machines of Plaintiff and the other class members and converted their fax machines to their own advertising and marketing tool by bombarding their fax machines with at least eight (8) unsolicited facsimile advertisements over the course of less than a single year, and

85.   Defendant knew or should have known that their misappropriation of Plaintiff and other class members' paper, toner, and employee time was wrongful and without authorization.

86.   Plaintiff and the other class members were deprived of one or more of the use of their fax machine, paper, toner, or other incremental cost, and valuable time, which as a result of Defendant's unsolicited and

unwanted facsimile, was wasted and diverted to Defendant's improper use. Plaintiff and each class member suffered damages by receiving unsolicited faxes from Defendant.

87.    Defendant's unsolicited faxes effectively stole Plaintiff's time because Plaintiff received and reviewed Defendant's illegal faxes. Defendant knew or should have known time is valuable to Plaintiff.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award $500.00 in statutory damages for each of Defendant's violations of the TCPA;

C.    That the Court treble the statutory damages to $1,500 per violation if it finds that Defendant knowingly or willfully violated the TCPA;

D.    That the Court enter an injunction prohibiting

Defendant from sending advertisements by fax without first demonstrating that they have obtained express invitation or permission to fax advertisements or included the required opt-out notice on each advertisement sent by fax to a person with whom Defendant has an established business relationship; and

E.     That the Court award costs and such further relief as the Court may deem just and proper.

Respectfully submitted,

BRIAN J. LYNGAAS, DDS, PLLC, individually and as the representative of a class of similarly-situated persons,

By: /s/ Phillip A. Bock
        One of its attorneys

Phillip A. Bock
Robert M. Hatch (MI Bar No. P46566)
BOCK HATCH & OPPENHEIM, LLC
203 N La Salle St, Ste 2100
Chicago, IL 60601
Telephone: 312-658-5500
Facsimile: 312-658-5555
Email: service@classlawyers.com

Richard E. Shenkan (MI Bar No. P74683)
SHENKAN INJURY LAWYERS, PLLC
6550 Lakeshore Street
West Bloomfield, MI 48323
Telephone: 1-800-601-0808
Email: rshenkan@shenkanlaw.com